In the Matter of the Application of GEORGE A. LONGLEY and Another, Petitioners, for an Order of Mandamus against DAVID RUMSEY and Others, Respondents.

Supreme Court, Erie County, September 24, 1927.

Villages — zoning ordinance — ordinance which provides that each block shall be business or residential according to number of residences and vacant lots thereon, is void under Village Law, art. 6-A.

A village ordinance purporting to zone the village, which provides that each block shall be considered as a business zone or residential zone, depending upon the number of residences and vacant lots thereon, is invalid as not being in compliance with article 6-A of the Village Law.

Accordingly, the petitioner's application for mandamus to compel the village of East Aurora to grant a permit for sewer and water connections on premises on which he has installed a " dining car " lunch room, which permit was refused on the ground that the premises were within a residential district, is granted.

APPLICATION for an order of mandamus.

*O'Brien & Cullen,* for the petitioners.

*Wade & Ludlow,* for the respondents.

HORTON, J. This is an application for an order compelling the trustees of .the village of East Aurora to grant a permit for sewer and water connections to certain property on Main street in East Aurora. The petitioners have leased the premises and have installed a " dining car " lunch room, but have been unable to do business because the village trustees have refused a permit for

such connections on account of the ordinance which purports to divide the village into building zones and to require the consent of property owners and of the trustees for the establishment of a business within a residence district.

This ordinance, adopted by the village on April 5, 1926, is attacked by the petitioners as invalid mainly upon the grounds that it does not divide the village into zoning districts as contemplated by the statute, and that the trustees of the village have attempted to delegate to the property owners in each so-called district a duty devolving properly upon the trustees.

The efforts of municipalities to protect themselves from the indiscriminate building of business structures in residential districts and from other evils arising out of the rapid growth of villages and cities have brought before the courts on frequent occasions the question of the legality of various so-called zoning ordinances. Laws permitting such local ordinances when properly drawn are constitutional and these petitioners do not attack the validity of the New York State law as found in article VI-A of the Village Law (added by Laws of 1923, chap. 564). The ordinance in question does not divide the village into geographical subdivisions, but in lieu thereof attempts to establish, as a separate district in itself, each village block, that is, two sides of one street between the nearest intersections. Whether or not each of those districts is residential or otherwise, depends, not upon the decision of the trustees, but upon the number of residences and vacant lots found within that so-called district. If a given district is by this definition residential, then it is provided that no business may be established there without obtaining the consent of three-fourths of the owners of the residences and vacant properties and of the board of trustees.

It seems apparent that this is not in compliance with the statutory authority which permits the designation of zoning districts in accordance with some comprehensive, well-considered plan. While the ordinance in question would certainly have the effect of keeping business out of a great many of the blocks of the village of East Aurora, it would not necessarily have the effect of confining the business to those portions of the village which might properly be devoted to that purpose. One block on a street might have to be called residential under the ordinance, while the next block, even though further away from the business section, would have to be held a business block. Without the consent of the owners of the residences and vacant property the board of trustees itself would be powerless to permit the erection of a business establishment in a block that is clearly business and not residential. A block

with half its frontage upon one side of the street covered with business structures, but otherwise vacant on both sides, might be held residential according to this ordinance. Because of the failure of this ordinance to deal with the matter in accordance with a comprehensive plan and because of the arbitrary method by which the character of the so-called districts is determined, it follows that this ordinance is not a valid restriction upon the use of the premises leased by these petitioners, and the order applied for will be granted.